Cleveland Laundry Co. v. Farkas ...... 19585
Central Nat. Bnk. v. Dotson ......... 19491
D. T. & I. R. R. Co. v. Kissell Produce Co. 19544
Dayton & Xenia Motorbus Co. v. Pub.
Util. Com. ........................ 19613
Duncan v. Buckeye Dairy Co........... 19547
Findlay (City) et v. Associates Inv. Co.. 19570
Helwig v. Warren State Bank........ 19527
Johnson etc. v. Johnson et ........... 19565
London Guar. & Acc. v. Empire Plow... 19372
Rogers v. Beck et .................. 19539
State ex v. Carson et ............... 19513
State v. Tipton ................... 19566
Steen v. Buckeye Dairy Co............ 19546
Walker v. Johnson Trans. Co.......... 19540

### TUESDAY, MARCH 2, 1926
### GENERAL DOCKET

19024—State of Ohio v. Ford Motor Co.; error to the Court of Appeals of Franklin county. Judgment affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 3-18-25; 3 Abs. 198. OA. 2 Abs. 412; OS. Pend. 3 Abs. 299.

19251—State of Ohio ex rel. John Gannon v. Frank R. Lander; error to the Cuyahoga Appeals. Judgment affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 7-10-25; 3 Abs. 435. OS. Pend. 3 Abs. 546.

19519—City Transit Co. v. Public Utilities Commission; error to the Public Utilities Commission. Dismissed on motion of plaintiff in error, without record, and at costs of plaintiff in error. Dock. 12-30-25; 4 Abs. 24.

Note—No opinions for the above General Docket cases.

---

## · Abstracts of Last Week's
## SUPREME COURT OPINIONS

---

### No. 205

19126—American Mortgage Co. v. David M. Rosenbaum; error to the Hamilton Appeals. Judgment reversed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade, and Robinson, JJ., concur. Dock. 5-10-25; 3 Abs. 313. OS. Pend. 3 Abs. 380.

313. CORPORATIONS—Acquisition of capital stock by a person for purpose of setting up right to inspect books and to take copies thereof, and to exercise this privilege in bad faith, with intent to embarrass the company in its business and to cause loss to other stockholders does not entitle such person to an injunction ordering officers to permit such inspection or taking of such copies.

KINKADE, J.

One who acquires ownership of capital stock in a corporation in order that he may thereby establish a right to inspect the books and papers of the company and take copies thereof, and then seeks to exercise such privilege not in good faith to inform himself, as a stockholder, with respect to the management and status of the affairs of the company but with the intent of giving publicity to the information so to be acquired which will diminish the value of the assets of the corporation, embarrass the company in the conduct of its business and thereby cause a loss to all other stockholders of the company, is not entitled to a writ of injunction commanding the officers and agents of the corporation to permit such inspection and copies to be made. (Cincinnati Volksblatt Co. v. Hoffmeister, 62 Ohio St., 189, distinguished.)

Judgment reversed.

---

### No. 206

19231—Order of Railway Conductors of America v. Harry L. Carpenter; error to the Hamilton Appeals. Judgment reversed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 7-1-25; 3 Abs. 417. OA. 3 Abs. 735.

130. BENEFICIAL ASSOCIATION—Denial of disability benevolence involves no determination of legal rights when laws and provisions of association set forth among other things that no member shall have any claim enforceable in law or equity against association.

MARSHALL C. J.

Where the laws of a fraternal and beneficial association contain definite promises of payment of benefits at death of members, or upon suffering injuries of well-defined character, and make further provision in such laws for disability benevolence in cases of total disability from causes other than those specified in cases containing a definite promise of payment, and expressly provide that no member shall have any claim enforceable in law or in equity against such association arising out of such disability benevolence and further establishes boards within the association to hear and finally determine such benevolence, a denial of disability benevolence does not involve a determination of legal rights and the claimant will have no recourse to the courts.

Judgment reversed.

---

### No. 207

19332—Cleveland Trust Co. v. Harry R. Scobie, Admr.; error to the Cuyahoga Appeals. Judgment reversed. Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur. Dock. 8-24-25; 3 Abs. 546; OS. Pend. 3 Abs. 610.

386. DEPOSITS—Where depositor intends to transfer bank account to person, to whom is made jointly payable an interest equal to his own, such person is entitled to balance of account at depositor's death unless such a person's authority to withdraw has been revoked.

ALLEN, J.

Where a person opens a savings account in a bank to the joint credit of himself and another, payable to either, and balance at death of either payable to survivor, the authority to remain in full force until receipt by the bank from the depositor of written notice of its revocation, and the record shows that the depositor intended to transfer to the person to whom he made the account jointly payable, a present joint interest equal to his own in the account, and the pass book has been left in the possession of the bank for withdrawals by either party on the joint account, a joint interest is created in the right of the depositor in the deposit, and the person to whom the deposit is made payable jointly with the depositor, upon the death of the depositor, without his having revoked the authority to draw, is entitled to the balance of the account.

Judgment reversed.